## Statler v. Alexander Film Company

*Pollins & Pollins,* for plaintiff; *Leonard M. S. Morris,* for defendant.

WHITTEN, J., June 6, 1934.—On August 2, 1933, Alexander Film Company, defendant in error, instituted an action of assumpsit before James B. Smail, justice of the peace, returnable August 9, 1933, at 2 p. m. The defendant in the suit before the justice of the peace, as shown by the transcript, is "Robert M. Statler, trading and doing business as the Latrobe Freedom Company, Latrobe, Pa."

On August 2, 1933, the constable made the following return: "Served the within writ August 2, 1933, upon the within named Robert M. Statler in Westmoreland County at his place of business by handing a true and attested copy thereof to Alphonse Bender, his agent, partner, or the person for the time being in charge thereof; inquiry having been made thereat and the residence in the said county not being ascertained."

It is undisputed that a copy of the summons served by the constable reads, in part, as follows: "You are hereby commanded to summon Robert M. Statler, trading and doing business as Latrobe Filling Co., residing in Latrobe, Pa."

The record also shows that the constable served upon "Alphonse Bender" a copy of the plaintiff's statement of claim, and that neither Robert M. Statler or any other person appeared at the office of the justice of the peace on the day set for the hearing.

It also appears that on August 9, 1933, judgment was entered against the

"defendant" in the sum of $55 for want of an appearance and for want of an affidavit of defense.

The copy of the plaintiff's book account attached to its statement of claim shows that the merchandise is charged against "Latrobe Freedom Company, Latrobe, Pa."

The Act of July 7, 1879, P. L. 194, sec. 2, provides: "In all actions brought before any justice of the peace . . . if the plaintiff shall file at any time before the issuing of the summons in any such case an affidavit, stating the amount he verily believes to be due from the defendant, together with a copy of the book entries . . . it shall be the duty of the justice, alderman or magistrate to make a copy of such affidavit, duly certify the same, and deliver it to the constable to whom the summons is issued, which certified copy shall be served at the time and in the manner that service is made of the summons in the case; and the justice, magistrate or alderman shall render judgment in favor of the plaintiff for the amount of his claim, unless the defendant, at or before the time at which the summons is made returnable, shall have filed with the justice, magistrate or alderman, an affidavit of defense setting forth fully the nature and character of the same".

It is undisputed that Robert M. Statler is not named in the affidavit of claim— the Latrobe Freedom Company being the defendant named therein, and that a copy of the summons left at Robert M. Statler's place of business named the defendant as "Robert M. Statler, trading and doing business as Latrobe Filling Co."

As above stated, Robert M. Statler did not file an affidavit of defense and did not appear at the hearing before the said justice; and judgment was entered against him by default for want of an affidavit of defense. "The affidavit of claim must conform to the provisions of the act, and in itself must be sufficient to sustain a judgment for the plaintiff for want of an affidavit of defence". Hall v. Smitheman, 26 Dist. R. 203.

It is obvious that the affidavit of claim in this case does not conform to the provisions of the above-stated statute, by reason of the real defendant not being named as the defendant in the affidavit of claim.

In Fell v. Leach, 31 Pa. C. C. 137, the court held: This act provides a new remedy in derogation of the common law; and to sustain a judgment for want of an affidavit of defense, its requirements must be strictly complied with. The record must show affirmatively that all the precedent acts required by the statute have been performed, or the justice is without jurisdiction, and his judgment will be reversed on certiorari.

The court is of the opinion that the judgment entered by the justice in the above case must be reversed, for the reason that the plaintiff in error was not summoned to appear in the case on trial. However, in the circumstances, the court has no authority to enter judgment for the defendant. In other words, the defendant in error may, of course, institute another action, if he so desires.

In the circumstances, the court has no authority to enter a decree requiring the defendant in error to pay the costs: Nash v. Douglass, 41 Pa. C. C. 549.

### Decree

And now, June 6, 1934, after argument by counsel and after careful consideration, it is ordered, adjudged, and decreed that the judgment of the said justice entered in the foregoing case be and the same is hereby reversed.

From William S. Rial, Greensburg, Pa.